## D. H. NOLL v. STATE OF NEBRASKA.

### FILED JANUARY 3, 1894.    No. 5159.

A second forfeiture of a recognizance, incurred because the principal a second time failed to appear according to the condition of his obligation, will not be vacated and canceled on the return of the principal after such forfeiture, where sufficient excuse is not shown for his failure to appear before the forfeiture taken, and the record shows that the prosecution has been deprived of proofs by the delay. Rule applied.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*A. D. McCandless,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

NORVAL, J.

This is a proceeding to review the decision of the district court in refusing to vacate and set aside the forfeiture of a recognizance. The facts in brief are: That at the February term, 1890, of the district court of Gage county the grand jury presented an indictment against plaintiff in error charging him in each of the several counts thereof with selling intoxicating liquors without a license. Notwithstanding he had given bond for his appearance at and during said term of court, he left the state and did not re-

turn until after the trial jury had been excused. While thus absent his bond was forfeited by the court; but subsequently, upon his motion, and a very weak showing, the forfeiture was vacated and the cause reinstated upon the docket. At the September term, 1890, of the court, the cause was tried, but the jury being unable to agree upon a verdict, they were, with consent of the defendant, discharged without verdict, and the defendant entered into recognizance for his appearance at the March term, 1891, of said court. When the criminal docket for said term was called, said cause was set for trial by the court on Monday, March 16th, on which day the accused and his witnesses were in attendance upon the court, but the cause was not on that day reached, owing to the fact that another state case was then on trial. The county attorney, Mr. Dobbs, however, personally notified the defendant on March 16th that his cause would be pushed for trial on the following day. On the morning of the 17th day of March the defendant being present in the court room, was informed by the prosecutor, in the presence and hearing of the court, that his said cause would be called for trial immediately after the convening of the court at 1:30 o'clock P. M. of said day; and the cause was thereupon, in defendant's presence and hearing, set for trial at that time. There was a breach of the condition of defendant's recognizance by his failure to appear when his case was called on the afternoon of the last named date; and his recognizance was then declared forfeited by the court, which was duly entered of record; and thereupon the witnesses for the state were excused, and left the court room. On April 3d a motion was filed by defendant to set aside the default, which, at a subsequent term of court, was overruled, and an exception taken to the decision.

The primary object in requiring a defendant in a criminal case to give bail is to save the county the expense of keeping him in jail until trial, as well as to insure his per-

sonal attendance to answer the charge against him, and to abide the judgment of the court relating thereto. Our statute, section 384 of the Criminal Code, provides that "when any person under recognizance in any criminal prosecution, either to appear and answer, or testify in any court, shall fail to perform the conditions of such recognizance, his default shall be recorded, and the recognizance forfeited in open court." The forfeiture of the recognizance in this case was strictly within the provision just quoted. The power of a court to vacate the forfeiture of a recognizance, which has been declared by said court, is not questioned in this case, and there can be no doubt of it. A district court has ample power to discharge the forfeiture of a recognizance in a criminal case upon a sufficient showing, to the same extent that it can set aside the default of a party in a civil action; and in neither case will the ruling be disturbed by a reviewing court, unless it appears that there has been an abuse of discretion. We are unable to discover any error in the overruling of the motion to set aside the forfeiture. The defendant had the second time failed to appear when the case was reached for trial, and his recognizance was forfeited the second time. The only excuse he offers for his absence the last time is that when he left the court room before noon there was a criminal cause being tried, and he was told that said cause would take all the afternoon. He fails to tell who so informed him. Certain it was that neither the county attorney nor the court so informed him, for it is uncontradicted that the former, in presence of the court, notified the defendant that his case would be called for trial on the convening of court that afternoon. It was his duty to be present at that time. The state was ready with its witnesses to proceed with the trial, but upon the forfeiture of the recognizance the state witnesses were discharged; and the record shows that at the time of the ruling on the motion to vacate and cancel the forfeiture said witnesses were scattered, many

of them being out of the state and their whereabouts un-
known.    There is another significant fact, and that is the
defendant, although he knew of the taking of the forfeit-
ure a few minutes afterwards, did not complain of 'the ac-
tion of the court, or apply to have his default set aside,
until after the trial jury for that term of court had been
discharged.    He was aware that the case could not be tried
before the next term.    This delay in asking for relief, un-
explained as it is, is suggestive that in absenting himself
he did so for the purpose at least of putting the case over
the term.    Had the defendant been more prompt in seeking
relief, and had he not been once before in default, he would
appear in a more favorable attitude before the court.
Plaintiff in error violated the conditions of his recogni-
zance, and no valid excuse being given for his failure to
appear before the forfeiture was taken, the decision of the
district court is

· AFFIRMED.