M. L. RAWLINGS v. STATE OF NEBRASKA.

FILED JANUARY 3, 1894. No. 5158.

A forfeiture of a recognizance will be vacated and canceled on the payment of costs, where, after the default and on the same day, the principal voluntarily appears in court, in case sufficient cause is shown for his failure to appear according to the obligation of his recognizance.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*A. D. McCandless,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state.

Rawlings v. State.

NORVAL, J.

The facts in this case are substantially the same as in the case of *Noll v. State*, 38 Neb., 587, except in the following particulars: The absence of plaintiff in error from the court room on March 17th, 1891, was the only time he failed to be in attendance when wanted, and the forfeiture of his recognizance on that day was the only one ever taken against him; that the case against Noll was first upon the docket and was set down for trial first on said March 17th; that Rawlings was in attendance upon court with his witnesses during the day previous, and when court adjourned that evening he was informed by his attorney that his case would not be reached until afternoon of the next day, if that soon, and plaintiff in error returned to his home in Wymore, where he remained during the forenoon of March 17th, and went to Beatrice on the afternoon train for the purpose of having his case tried, arriving at 2:30 o'clock, when, owing to the failure of Noll to appear, he found that his case had been called sooner than was expected, and his recognizance forfeited; that he would have been promptly on hand if he had not believed that the Noll case would be tried before his case would be reached. Plaintiff in error filed a motion in the district court to have the forfeiture of his recognizance vacated, and supported the same by his own affidavit and the affidavit of Mr. McCandless, his attorney.   The motion was overruled.

The testimony in the record convinces us that plaintiff in error acted in the utmost good faith.   There is no claim that he was aware, or had any intimation, that Noll would fail to appear.   He was justified in supposing that the case against Noll would be tried; and had it been, plaintiff in error would have been in court in ample time to have heard his own case called, and prevented a forfeiture of his recognizance.   There are not presented facts showing such gross laches on the part of plaintiff in error as will pre-

clude him from having the forfeiture vacated; but the relief should be granted conditional upon his payment of costs, since it appears that Gage county has incurred considerable expense in procuring attendance of witnesses for the state, and said witnesses having scattered, it is not certain that their testimony can be procured. In case plaintiff in error shall pay to the clerk of the district court within thirty days all the costs in the criminal case in which forfeiture of his recognizance was taken, and file with the clerk of this court the receipt of such payment, the order of the district court will be reversed and the forfeiture vacated and canceled. In the event all of said costs are not paid within the time stated, the order of the court below, overruling the motion to set aside said forfeiture, will be affirmed.

JUDGMENT ACCORDINGLY.